UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH C. CASTELLO, | Case No.: 3:22-cv-00106-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| SONYA BUTLER, et al., | |
| Defendants | |

Plaintiff, who is an inmate in the Washoe County Detention Center, has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $2.73, and his average monthly deposits were $34.67.

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $6.93 (20 percent of $34.67). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

3

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names Washoe County Sheriff's Deputies Sonya Butler, Nick Wynn, and Francisco Gamboa. Plaintiff alleges that he has been wrongfully targeted by Defendants, causing him extreme emotional distress and damaging his reputation in the community. Plaintiff's complaint references the Fourth and Fourteenth Amendments.

He alleges that on April 25, 2020, he was pulled over by Gamboa. He believes that Gamboa violated his Fourth and Fourteenth Amendment rights because when Plaintiff asked why he was pulled over, Gamboa said it was because the turn signal on the trunk was out, but

later said that the vehicle Plaintiff was driving was in a high-speed chase that morning. Plaintiff later checked the turn signals, and both were working.

Gamboa subsequently asked to search the vehicle, and Plaintiff consented to the search. The search came up "clean" and Wynn said, "everything's cool." Plaintiff's passenger, Jane Doe, subsequently got in the car and said she was caught with five ounces of methamphetamine, but they let her go. When Plaintiff later contacted Jane Doe to say he had nothing to do with the drugs, she responded that Plaintiff was a "snitch" and had set her up. Plaintiff alleges that Deputy Wynn tried to set him up, and this was not the first time.

The next day, Plaintiff watched a group of deputies arrive on his shop property and searched the outside of the shop property. He watched them impound a 1996 Red BMW 328i. When he asked his landlord later what happened to his car, his landlord told him that the cops had it out for him and did not like him. The landlord said the police thought the car was stolen and that Plaintiff was running a "chop shop" out of his property. Plaintiff maintains that he can prove he purchased the BMW.

In the next few days, he was approached by Wynn, and Plaintiff asked about the BMW, and Wynn responded, "I have no idea what you[']re talking about." Wynn subsequently told Plaintiff he had been giving Plaintiff "a lot of breaks," and raised his hand in the shape of a gun and pointed it at Plaintiff and pulled a fake trigger. Wynn said, "game on."

Plaintiff also alleges that Deputy Butler has consistently harassed his customers, family and friends, by pulling over people leaving his home and shop and questioning them about what business they had with Plaintiff. Butler told them Plaintiff was a drug dealer and gun dealer.

First, it is unclear whether or not Plaintiff is attempting to state a Fourth Amendment claim against Gamboa based on the alleged stop of the vehicle. A police officer may conduct a

brief stop for investigatory purposes when the officer has "reasonable suspicion" to believe the stopped individual is engaged in criminal activity or that a traffic violation has occurred. *See Terry v. Ohio,* 392 U.S. 1, 23-27 (1968); *Melendres v. Arpaio*, 695 F.3d 990, 1000 (9th Cir. 2012). "Reasonable suspicion" is defined as "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013). It requires only "a minimal level of objective justification." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). A court must consider the totality of the circumstances when determining whether reasonable suspicion existed. *Id*. at 1078. Plaintiff must clearly allege the facts supporting an alleged Fourth Amendment claim and specify the defendant against whom the claim is asserted.

Second, the court cannot discern whether Plaintiff intends to assert an unlawful seizure claim related to the BMW. Nor is it clear against whom such a claim is asserted. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interest in that property." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027, 1030-33 (9th Cir. 2012). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). Negligent conduct, however, does not "incur constitutional liability." *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002), abrogated on other grounds by *County of Los Angeles v. Mendez*, 137 S.Ct. 1539 (2017). Again, Plaintiff must state whether he is asserting a Fourth Amendment unlawful seizure claim, and specify the defendant against whom he is asserting such a claim.

Finally, the remainder of Plaintiff's allegations do not give rise to a plausible claim for relief. The vague allegations of harassment do not rise to the level of a constitutional violation.

Moreover, Plaintiff does not have standing to assert claims of harassment on behalf of his customers, family and friends against Butler.

Plaintiff may be able to correct these deficiencies to state plausible claims for relief; therefore, the complaint will be dismissed with leave to amend.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, within **30 DAYS** Plaintiff must pay, through NDOC, an initial partial filing fee in the amount of $6.93. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility,** 911 E. Parr Blvd., Reno, NV 89512, and the **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702 (in case Plaintiff is moved to NDOC).

(2) The Clerk shall **FILE** the complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first

7

amended complaint on the court's form complaint. If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: March 1, 2022

_____
Craig S. Denney
United States Magistrate Judge