UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH C. CASTELLO,<br><br>　　Plaintiff<br><br>v.<br><br>SONYA BUTLER, et al.,<br><br>　　Defendants | Case No.: 3:22-cv-00106-MMD -CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 4 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff was an inmate in the Washoe County Detention Facility (WCDF) when he filed his original complaint. The court granted his application to proceed *in forma pauperis* (IFP) and screened his pro se complaint. The complaint was dismissed with leave to amend for failure to state a claim. Plaintiff has filed an amended complaint (ECF No. 4), which the court now screens.

## I. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of]

a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff's amended complaint names defendants Sonya Butler, Nick Wynn and Victor Gamboa, whom Plaintiff alleges are detectives with the Washoe County Sherriff's Office.[1] Plaintiff includes a single cause of action alleging violations of the Fourth and Fourteenth Amendments.

Plaintiff asserts that Defendants unlawfully searched through his property and impounded his vehicle on April 27, 2020. He believes they did so in retaliation for Plaintiff's refusal to help capture a fugitive and his refusal to help a Jane Doe set up a John Doe during a traffic stop on April 25, 2020. He claims he had not committed any crime when the search of the property and impoundment of the vehicle occurred. Plaintiff alleges he did not consent to the search. He asserts that Defendants falsely told his landlord that the vehicle was stolen and that Plaintiff was running a "chop shop" out of the property.

---

[1] In the body of his complaint, Plaintiff briefly mentions his landlord, John Phillips, but he is not named in the caption or in the list of defendants. Therefore, the court presumes Plaintiff does not intend to proceed against Phillips.

Finally, Plaintiff avers that he confronted Wynn about this, and Wynn pointed his finger at Plaintiff in the shape of a gun and pulled the "trigger," saying "game on." Plaintiff claims this violated his right to due process.

First, Plaintiff states a colorable claim for an unlawful search of his property under the Fourth Amendment against Butler, Wynn, and Gamboa. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. While a search incident to a lawful arrest is an exception to the general rule that a warrantless search violates the Fourth Amendment, Plaintiff alleges that he had not committed any crime. Nor do his allegations indicate that he was lawfully arrested at that time. *See U.S. v. Camou*, 773 F.3d 932, 937 (9th Cir. 2014).

Second, Plaintiff states a colorable claim for an unreasonable seizure of his vehicle under the Fourth Amendment against Butler, Wynn and Gamboa. *See Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2004) ("The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment.").

Finally, the Fourteenth Amendment provides: "No state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Plaintiff's allegations about Wynn pointing his finger in the shape of a gun do not give rise to a due process violation. Therefore, this claim should be dismissed. Since Plaintiff has already been given leave to amend, the dismissal should be with prejudice.

## II. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Allowing Plaintiff to **PROCEED** with his Fourth Amendment claims for unreasonable search of his property and unreasonable seizure of his vehicle against Butler, Wynn, and Gamboa;

(2) **DISMISSING WITH PREJUDICE** his due process claim under the Fourteenth Amendment;

(3) If this Report and Recommendation is adopted, the Clerk should be instructed to **ISSUE** summonses for defendants Sonya Butler, Nick Wynn and Victor Gamboa, and **deliver the same** to the U.S. Marshal for service. The Clerk should be directed **SEND** sufficient copies of the amended complaint (ECF No. 4) and any order adopting this Report and Recommendation to the U.S. Marshal for service on the Defendants.  The Clerk should be instructed to **SEND** to Plaintiff **3** USM-285 forms.  Plaintiff should be given **21 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of any order adopting this Report and Recommendation. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration

5

of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 13, 2022

_____
Craig S. Denney
United States Magistrate Judge