UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH C. CASTELLO,<br><br>                              Plaintiff,<br>     v.<br>SONYA BUTLER, *et al.*,<br><br>                              Defendants. | Case No. 3:22-cv-00106-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Joseph C. Castello brings this action against Washoe County Sheriff's Detectives Sonya Butler, Nick Wynn, and Victor Gamboa under 42 U.S.C. § 1983. (ECF No. 4). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 8), recommending the Court allow Castello to proceed with his Fourth Amendment claims for unreasonable search of his property and unreasonable seizure of his vehicle, and dismiss Castello's Fourteenth Amendment due process claim with prejudice. Castello had until May 27, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will allow Castello's Fourth Amendment claims to go proceed and will dismiss his Fourteenth Amendment claim.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the

findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. First, Judge Denney correctly found that Castello stated a colorable Fourth Amendment unlawful search claim because Defendants allegedly searched his property without consent, even though Castello had not committed a crime and was not under arrest at the time. (ECF No. 8 at 3-4.) *See* U.S. Const. amend IV; *U.S. v. Camou*, 773 F.3d 932, 937 (9th Cir. 2014). Next, Judge Denney correctly concluded that Castello stated a colorable Fourth Amendment unreasonable seizure claim because Defendants allegedly impounded his car without consent and misrepresented to Castello's landlord that the car was stolen. (ECF No. 8 at 3-4.) *See Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2004). Finally, Judge Denney properly found that the Court should dismiss Castello's Fourteenth Amendment claim because Defendant Wynn pointing his finger at Castello in the shape of a gun is not enough for a due process violation. (ECF Nos. 4 at 5, 8 at 4.) *See* U.S. Const. amend XIV, § 1. The Court therefore agrees with Judge Denney and adopts the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 8) is accepted and adopted in full.

It is further ordered that Castello's Fourth Amendment unreasonable search of property and unreasonable seizure of vehicle claims may proceed against Defendants.

It is further ordered that Castello's Fourteenth Amendment due process claim is dismissed with prejudice because Castello was previously granted leave to amend.

The Clerk of Court is directed to issue summonses for Defendants Sonya Butler, Nick Wynn, and Victor Gamboa, and to deliver the same to the U.S. Marshal for service.

The Clerk of Court is directed to send copies of the first amended complaint (ECF No. 4) and this order to the U.S. Marshal for service on Defendants.

The Clerk of Court is directed to send Castello 3 USM-285 forms. Castello will have *21 days* to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within *20 days* after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any Defendants were not served, and if Castello wants service to be attempted again, he must file a motion with the Court providing a more detailed name and/or address for service or indicating that some other method of service should be attempted.

Castello is reminded that under Fed. R. Civ. P. 4(m), service must be completed within *90 days* of the date of this order. If Castello requires additional time to meet any of the deadlines set by the Court, he must file a motion for extension of time under LR 1A 6-1 before the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the Court or applicable rules will be denied absent a showing of excusable neglect.

Once Defendant is served, Castello must serve a copy of every pleading or other document submitted for consideration by the Court upon Defendant or, if an appearance has been entered by counsel, upon the attorney. Castello must include, with the original of each document to be filed with the Court, a certificate stating that a true and correct copy of the document was served on Defendant, or counsel, if Defendant has an attorney. Under LR 5-1, the proof of service must show the day and manner of service and the name of the person served. The Court may disregard any paper received which has not been filed with the Clerk of Court, or that fails to include a certificate of service.

DATED THIS 1st Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE