UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH C. CASTELLO,<br><br>    Plaintiff<br><br>v.<br><br>SONYA BUTLER, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00106-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to comply with the court's orders and to prosecute this action.

**I. BACKGROUND**

Plaintiff was an inmate in the custody of the Washoe County Detention Facility (WCDF) when he filed his pro se complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The court granted his application to proceed *in forma pauperis* (IFP) and screened his complaint. (ECF No. 2.) The complaint was dismissed with leave to amend for failure to state a claim. (*Id.*) Plaintiff filed an amended complaint (ECF No. 4.), which the court also screened. The court allowed Plaintiff to proceed with a Fourth Amendment claim for unlawful search of his property, as well a Fourth Amendment claim for unreasonable seizure of his vehicle against Butler, Wynn, and Gamboa. (ECF Nos. 8, 9.) Defendants filed their answer on October 13, 2022. (ECF No. 14.)

On October 14, 2022, the court issued an order setting a mandatory telephonic case management conference for November 22, 2022, at 1:00 p.m., and required the parties to file a case management report by November 15, 2022. (ECF No. 15.)

Defendants filed their case management report. (ECF No. 16.) Plaintiff did not file a case management report. Nor did he appear for the mandatory telephonic case management conference on November 22, 2022. (ECF No. 17.) The court set an order to show cause hearing for December 20, 2022, at 3:00 p.m., and ordered Plaintiff to file, on or before December 10, 2022, a written response showing cause for his failure to file a case management report and appear at the mandatory telephonic case management conference. Plaintiff was cautioned that a failure to do so would result in a recommendation of dismissal. (ECF No. 17.)

Plaintiff did not file a response to the order to show cause. Nor did he appear for the order to show cause hearing on December 20, 2022. As a result, the court issues this recommendation for dismissal of this action as a result of Plaintiff's failure to comply with the court's orders and further prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has failed to comply with the court's orders to: (1) file a case management report; (2) appear for the mandatory telephonic case management conference on November 22, 2022; (3) file a response to the order to show cause; and (4) appear for the order to show cause hearing on December 20, 2022. Nor has Plaintiff otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to file required reports, appear for hearings, and further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to comply with the court's orders. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 20, 2022

_____
Craig S. Denney
United States Magistrate Judge